IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>GEORGE GAYNOR, in his capacity as personal representative of the Estate of Lavern N. Gaynor and trustee of the Lavern N. Gaynor Revocable Trust<br><br>        Defendant. | Civil Case No.<br>2:21-cv-00382-JLB-MRM |

## DEFENDANT GEORGE N. GAYNOR'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

Defendant George N. Gaynor hereby files his Answer, Affirmative Defenses, Counterclaims, and Demand for Jury Trial to Plaintiff's Amended Complaint.

### GENERAL DENIAL OF LIABILITY

Defendant generally denies any liability arising from any of the allegations asserted by the United States in the Amended Complaint. Any allegation in the Amended Complaint which is not expressly admitted below is denied.

### SPECIFIC RESPONSE TO THE ALLEGATIONS IN THE AMENDED COMPLAINT

1. Denies.

2. Denies any penalties are owed.

59472146;1

3. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

4. Admits.

5. Admits, except denies any penalties are owed.

6. Admits.

7. Admits.

8. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

9. Admits.

10. States that this is a legal assertion to which no response is required.

11. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

12. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

13. Admits.

14. Denies.

15. Denies.

16. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

17. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

18. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

19. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

20. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

21. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

22. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

23. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

24. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

25. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

26. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

27. Denies.

28. Denies.

29. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

30. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

31. Denies.

32. Denies.

33. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

34. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

35. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

36. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

37. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

38. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

39. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

40. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

41. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

42. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

43. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

44. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

45. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

46. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

47. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

48. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

49. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

50. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

51. States that this is a legal assertion to which no response is required.

52. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

53. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

54. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

55. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

56. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

57. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

58. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

59. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

60. Denies.

61. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

62. States that this is a legal assertion to which no response is required.

63. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

64. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

65. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

66. States that this is a legal assertion to which no response is required.

67. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

68. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

69. Denies.

70. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

71. States that this is a legal assertion to which no response is required.

72. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

73. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

74. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

75. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

76. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

77. Admits.

78. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

79. Denies.

80. Denies.

81. States that this is a legal assertion to which no response is required.

82. Denies.

83. Denies.

84. Denies.

85. Denies.

86. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

87. Denies.

88. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

89. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

90. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

91. Denies.

92. Denies.

93. Defendant incorporates by reference his responses to paragraphs 1-92.

94. States that this is a legal assertion to which no response is required.

95. States that this is a legal assertion to which no response is required.

96. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

97. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

98. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

99. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

100. Denies Decedent willfully failed to file an FBAR for the calendar years 2009-2011.

101. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

102. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

103. Denies.

104. States that he lacks knowledge or information sufficient to form a belief about the truth of this allegation.

105. Denies.

106. Defendant incorporates by reference his answers to paragraphs 1–105.

107. States that this is a legal assertion to which no response is required.

108. States that this is a legal assertion to which no response is required.

**FIRST AFFIRMATIVE DEFENSE**
**(Abatement Upon Death)**

109. The FBAR penalties relate to the 2009, 2010, and 2011 tax years, which were assessed on or about May 30, 2019.

110. Decedent Lavern N. Gaynor died on April 12, 2021.

111. This action was not filed until May 14, 2021.

112. Under federal common law, penalties abate upon the death of the individual subject to those penalties.

113. This action is a claim for FBAR penalties pursuant to 31 U.S.C. § 5314.

114. Accordingly, the Government's cause of action in this suit was extinguished upon Decedent's death on April 12, 2021.

## SECOND AFFIRMATIVE DEFENSE
### (Eighth Amendment Excessive Fine)

115. Through this suit, the Government seeks to collect more than $18 million in penalties from the Decedent's Estate and the Defendant Trust.

116. This relief is grossly disproportionate to the gravity of the Decedent's alleged offense, or to any legitimate penal purpose.

117. Accordingly, the relief the Government seeks violates the Eighth Amendment's prohibition on Excessive Fines.

## FIRST COUNTERCLAIM
### (Refund Claim)

This is a timely counterclaim brought by Defendant pursuant to Fed. R. Civ. P. 13(a) against Plaintiff, as it arises out of the same FBAR penalties at issue in this matter.

118.    By letter dated June 19, 2019, Decedent paid $3,000 to Plaintiff to be applied equally against each of the illegal FBAR willfulness penalties assessed against her for tax years 2009, 2010, and 2011.

119.    Decedent did not and does not owe the illegal FBAR penalties assessed against her.

118.    Defendant is accordingly entitled to a refund of the monies that the United States has collected from Decedent and applied to these purported penalties.

## SECOND COUNTERCLAIM
### (Administrative Procedures Act Review)

Liability for an FBAR penalty is tried to the district court de novo. But, upon a finding of liability, the *amount* of the penalty is reviewed for abuse of discretion under the Administrative Procedures Act. Courts have been willing to engage in this review even absent the pleading of an APA claim. Defendant makes this counterclaim to ensure that judicial review of the amount of the FBAR penalties at issue in this case under the APA has been timely requested.

119.    Congress has set forth a maximum FBAR penalty of 50% of an unreported account's balance on the date of an FBAR violation. However, the IRS has total discretion, routinely exercised, to impose any penalty amount within $0 and this upper limit.

120. The IRS has abused its discretion in setting the amount of the FBAR penalties at issue in this case at nearly $18 million. This is so for at least the following reasons:

    a. Upon information and belief, the IRS has based its determination upon an incorrect understanding of the balances in the subject accounts on the date the alleged FBAR violations occurred.

    b. Upon information and belief, the IRS has based its determination upon an incorrect conclusion that Decedent acted intentionally in violation of a known legal duty.

    c. Upon information and belief, the IRS based its determination upon other erroneous factual conclusions to be explored during this litigation.

121. Accordingly, Decedent is entitled to vacation and remand to the IRS for appropriate action.

## JURY TRIAL DEMAND

Defendant hereby requires trial by jury of all claims and defenses in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

    A. That, with respect to the Amended Complaint, dismiss the Amended Complaint and all relief sought therein.

B.  That, with respect to the Counterclaim, enter judgment in favor of Defendant for all monies properly owed Lavern N. Gaynor, her estate and legal representatives.

C.  Order Plaintiff to compensate Defendant for attorney's fees and costs to the extent allowed by law, and

D.  Such further and other relief the Court may deem just and proper.

Respectfully Submitted,

Dated: 8-12-21

/s/ Michael C. Durney
Michael C. Durney
District of Columbia Bar No. 111872
Law Offices of Michael C. Durney
1000 Potomac Street N.W., Suite 200
Washington, D.C. 20007
Telephone: 202.965-7744
Facsimile: 202.965-1729
Email: mcd@mdurney.com

/s/ Jason L. Margolin
Jason L. Margolin
Florida Bar No. 69881
Akerman, LLP
401 E. Jackson St., Suite 1700
Tampa, FL 33602
Telephone: 813.209.5009
Facsimile: 813.218.5488
Email: jason.margolin@akerman.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed via CM/ECF electronic filing system on August 12, 2021, and thereby served upon counsel of record.

*/s/ Jason L. Margolin*
Attorney
