IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GEORGE N. GAYNOR, in his capacity ) <br> as personal representative of the Estate ) <br> of Lavern N. Gaynor and trustee of the ) <br> Lavern N. Gaynor Revocable Trust ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 2:21-cv-382-JLB-MRM |

**ANSWER IN RESPONSE TO DEFENDANT GEORGE N. GAYNOR'S
ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS,
AND DEMAND FOR JURY TRIAL**

The United States respectfully submits this Answer in Response to Defendant George N. Gaynor's Answer, Affirmative Defenses, Counterclaims and Demand for Jury Trial. (ECF No. 19).

The United States responds to the Defendant's allegations as follows:

**FIRST COUNTERCLAIM
(Refund Claim)**

As to the unnumbered paragraph following paragraph 117, admits that Defendant's first counterclaim is timely brought pursuant to Fed. R. Civ. P. 13(a) and that the counterclaim arises out of the civil penalties in this lawsuit, which

relate to Decedent's willful failure to report, pursuant to 31 U.S.C. § 5314 and its implementing regulations, her financial interest in and /or signature authority over foreign bank accounts during the 2009, 2010, and 2011 calendar years.

118.   Admits that by check dated June 19, 2019, Decedent, through her counsel, paid to the U.S. Treasury $3,000. Further admits that by letter dated June 19, 2019, Decedent requested that the payment be applied equally against the FBAR penalties for the 2009-2011 years. Denies the remainder.

119.   Denies.[1]

118.   Denies.

## SECOND COUNTERCLAIM
### (Administrative Procedures [*sic*] Act Review)

As to the unnumbered paragraph following the second paragraph 118, with respect to the first sentence therein, admits that, with respect to an FBAR penalty, the district court determines the issue of willfulness *de novo*. Further, with respect to the second sentence therein, admits that, upon finding willfulness, the district court reviews the amount of the FBAR penalty under the abuse of discretion standard. With respect to the third sentence within this unnumbered paragraph, admits that courts apply the abuse of discretion standard when defendants in FBAR

---

[1] Plaintiff notes that, after paragraph 119, Defendant's numbered paragraphs restart at paragraph 118. Plaintiff maintains Defendant's duplicative numbering of the paragraph to avoid confusion.

suits raise the amount of the penalty as a defense and in the absence of a "claim," and asserts that courts lack subject matter jurisdiction to entertain "the pleading of an A[dministrative] P[rocedure] A[ct] claim" in this context. With respect to the fourth sentence within this unnumbered paragraph, asserts that this Court lacks subject matter jurisdiction over this second counterclaim to the extent it is an attempted assertion of the Administrative Procedure Act (APA) as a counterclaim, and further states that Plaintiff lacks information or knowledge sufficient to form a belief about the truth of the allegation as to the reason why "[d]efendant makes this counterclaim."

119.  With respect to the first sentence of (second) paragraph 119, admits that in some cases, "the maximum FBAR penalty" is "50% of an unreported account's balance on the date of an FBAR violation," but denies that is true in all cases. Further, with respect to this first sentence, states that Congress made the maximum civil penalty for failure to file an FBAR the greater of $100,000 or 50 % of the balance in the account at the time of the violation. *See* 31 U.S.C. §5321(a)(5)(C)(i). Further, with respect to this first sentence, states that Congress also permits "2 times the maximum penalty with respect to the violation" in the case of "repeat violators." *See* 31 U.S.C. §5321(f). Further, with respect to the second sentence, admits that the IRS has "discretion to impose any penalty amount

3

within $0 and this upper limit," but denies that the "the IRS has total discretion," and objects to this vague and ambiguous language.

120.   Denies that the IRS set the "amount of the FBAR penalties at issue in this case at nearly $18 million." States that the IRS determined an FBAR penalty amount of $17,299,139, and that the unpaid FBAR penalties, failure to pay penalties, and interest for the calendar years 2009, 2010, and 2011 total $18,417,184.73 as of May 1, 2020. Denies that the IRS abused its discretion in setting the penalty amount.

    a.   Denies.

    b.   Denies.

    c.   Denies.

121.   Denies.

## UNITED STATES'
## FIRST AFFIRMATIVE DEFENSE

122.   The Court does not have subject matter jurisdiction over Defendant's Second Counterclaim for "Administrative Procedures [*sic*] Act Review." Defendant fails to show that there has been a waiver of sovereign immunity with respect to that counterclaim under the APA, which, as relevant here, waives immunity only when claimant lacks another adequate remedy. *See* 5 U.S.C. § 704. The Court has jurisdiction to hear and rule upon the Defendant's contention that

the amount of the penalty was an abuse of discretion, but the Defendant's contention does not give rise to an affirmative claim against the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States, prays for the following relief:

A.    That, with respect to Defendant's First Counterclaim, the Court enter judgment in favor of the United States and against Defendant;

B.    That, with respect to Defendant's Second Counterclaim, the Court dismiss the counterclaim for lack of subject matter jurisdiction, or otherwise, enter judgment in favor of the United States and against Defendant;

C.    That the Court grant the relief sought in the United States' Amended Complaint; and

D.    That the United States have such other and further relief, including costs, as the Court may deem just and proper.

September 10, 2021                      Respectfully submitted,

                                          DAVID A. HUBBERT
                                          Acting Assistant Attorney General

                      By:

                                          */s/ Elizabeth A. Kanyer*
                                          ELIZABETH A. KANYER
                                          STEVEN M. CHASIN
                                          SAMUEL G. FULLER
                                          Trial Attorneys, Tax Division
                                          U.S. Department of Justice
                                          Post Office Box 26

Ben Franklin Station  
Washington, D.C. 20044  
Telephone: (202) 514-0600  
Facsimile:  (202) 514-9440  
Elizabeth.A.Kanyer@usdoj.gov  
Steven.M.Chasin@usdoj.gov  
Samuel.G.Fuller@usdoj.gov

*Of Counsel*

KARIN HOPPMANN  
Acting United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Answer in Response to Defendant George N. Gaynor's Answer, Affirmative Defenses, Counterclaims, and Demand For Jury Trial has been electronically filed this 10th day of September, 2021 with the Court via CM/ECF, which will serve an electronic copy on all counsel of record.

*/s/ Elizabeth A. Kanyer*
Elizabeth A. Kanyer
Trial Attorney