```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              Case No: 2:21-cv-382-JES-KCD

GEORGE N. GAYNOR JR., in his capacity as personal representative of the Estate of Lavern N. Gaynor and trustee of the Lavern N. Gaynor Revocable Trust,

      Defendant.

_____

## FINAL PRETRIAL CONFERENCE ORDER

This case came before the Court on January 26, 2024, for a final pretrial conference. The case will be governed by the following:

1. The operative pleading is this case is the Amended Complaint (Doc. #18).

2. Following a previous Order (Doc. #63), the remaining issues are whether Lavern N. Gaynor's failure to timely file an FBAR form for each of the tax years 2009, 2010, and 2011 was "willful."

3. The parties agree to a jury trial to resolve these issues.

4. The parties will stipulate to three facts and the Government will withdraw the deposition designations of Steven Kraft and Nancy Morton. (Doc. #73, pp. 8-12.) The Government reserves the ability to use the depositions in rebuttal.

5. The Court pre-admits the following trial exhibits and the parties may use these exhibits at trial without formally moving their admission in front of the jury:
   a. Defense Exhibit #'s 1, 2, 3, 4, 5, and 6. (Doc. #73-1, pp. 24-25.)
   b. Government Exhibit #'s 62, 63, 64, 65, 66, 67, 79, 80, 81. (Doc. #73-1, pp. 20, 22-23.)
6. Jurors will be allowed to take notes during the trial if they wish to do so.
7. The Government withdraws any objection to the ability of jurors to ask questions. The jurors will be given an instruction on jury questions and will be allowed to submit questions.
8. The estimated length of jury trial is four days.
9. The Court intends to include language similar to the following in the voir dire of the jury and in the jury instructions, absent objections from the parties:

   > It is not illegal for a United States citizen to have a financial interest in a bank account located in a foreign country. However, federal law requires that every U.S. citizen who has a financial interest in or authority over a bank account in a foreign country with a balance which exceeds $10,000 file a form with the Internal Revenue Service disclosing certain information about the account. This form, commonly referred to as a FBAR, is due on June 30 of the following calendar year. Failure to file a timely FBAR subjects the person to a civil penalty. The maximum authorized civil penalty depends on whether the untimely filing of the FBAR was willful or non-willful.

> In this case, the United States maintains that Lavern N. Gaynor was required to file a FBAR regarding a bank account in a foreign country in 2009, 2010, and 2011; that she failed to timely file the FBAR in each of the three years; and that the failure to file was willful. The sole issue for your determination in this case will be whether her failure to timely file was willful.

10. Both parties have filed Motions in Limine (Docs. ##68-69) and Responses in Opposition. (Docs. ##76-77.) The Court will rule on the Motions in a separate document.

11. Trial is set to commence on Monday, **February 12, 2024**, at **9:00 a.m.** in **Courtroom 6A.**

**IT IS SO ORDERED.**

**DONE and ORDERED** at Fort Myers, Florida, this __6th__ day of February 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record