UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                    Case No:  2:21-cv-382-JES-KCD

GEORGE N. GAYNOR JR., in his
capacity    as    personal
representative of the Estate
of  Lavern  N.  Gaynor  and
trustee  of  the  Lavern  N.
Gaynor Revocable Trust,

      Defendant.

_____

## FINAL JURY INSTRUCTIONS

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as

a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

In this case it is the responsibility of the United States to prove every essential part of its claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Government's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the United States.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of

all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the United States' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

To help you understand the context in which the United States is seeking penalties against Lavern Gaynor, I will provide you with some background regarding the reporting requirement at issue in this case.

It is not illegal for a United States citizen to have a financial interest in a bank account located in a foreign country such as Switzerland.  However, federal law requires that every U.S. citizen who has a financial interest in or authority over a bank account in a foreign country that has a balance which exceeds $10,000 must file a form with the Department of Treasury disclosing certain information about the account.  This form, commonly referred to as a FBAR (Report of Foreign Bank & Financial Accounts form), was due on June 30 of the following calendar year.  Failure to file a timely FBAR subjects the person to a civil penalty.  The amount of the maximum authorized civil penalty depends on whether the untimely filing of the FBAR was willful or non-willful.

In this case, Lavern Gaynor was required to file an FBAR for

2009, 2010, and 2011 regarding a bank account in Switzerland. She failed to timely file the FBAR for each of the three years. The United States contends that the failure to file each FBAR was willful.  The Defendant contends that the failure to file each FBAR was not willful. The parties agree that for each of the years 2009, 2010, and 2011, Lavern Gaynor had a reportable financial interest in the Swiss bank accounts held by a Panamanian company called Gery Trading; that the law required Mrs. Gaynor to file FBAR forms reporting those interests for each year by June 30 of the following year; and that Mrs Gaynor did not do so by the deadline.

The sole issue for your determination is whether Mrs. Gaynor's failure to timely file any of her FBAR forms was "willful." You must make that decision separately for each of the three years. Your decision may be the same for all three years or it can be different from year to year.

A person acts "willfully" if the act or omission is intentional, knowing, and voluntary, and not the result of mistake or accident.  The United States does not have to prove that Mrs. Gaynor actually knew of the specific reporting requirements she violated, or that Mrs. Gaynor knew she was acting wrongly. An improper motive or bad purpose is not necessary.

- 6 -

The willfulness requirement may be satisfied by what is referred to as "willful blindness" or "deliberate ignorance" of the FBAR filing requirement.  To establish willfulness in this manner, the United States must prove by a preponderance of the evidence that Mrs. Gaynor personally believed that there was a high probability she had a filing obligation for the Swiss Bank account and that she took deliberate actions to avoid learning whether in fact she had such a filing obligation.

The willfulness requirement may also be satisfied by recklessness.  Recklessness involves an objective standard.  Mrs. Gaynor was reckless if she failed to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.

The United States does not have to show that the conduct was both knowing and reckless, since either one is enough to satisfy its burden.

Of course, the fact that I have given you instructions concerning the Government's claim should not be interpreted in any

- 7 -

way as an indication that I believe that the Government should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.